IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE ANSEIMO RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-3297-B-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned magistrate judge for hearing, if necessary, and recommendation or determination under 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 3 at 2. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the case be dismissed without prejudice.

**Background**

Defendant Jose Anselmo Ramirez, appearing *pro se*, filed a Federal Rule of Criminal Procedure 41(g) motion for return of a 2007 Ford F-150 pickup truck that was seized during the investigation and prosecution of his criminal case. *See* Dkt. No. 4. Because criminal proceedings against Defendant concluded before he filed the motion, District Judge Jane J. Boyle liberally construed Defendant's motion as a civil action under 28 U.S.C. § 1331 seeking the return of property. *See* Dkt. No. 3.

Now-Plaintiff Jose Anselmo Ramirez paid the statutory filing fee, and therefore

he is responsible for properly serving Defendant United States of America with a summons and complaint in accordance with Federal Rule of Civil Procedure 4. *See* FED. R. CIV. P. 4(c) & (i) (setting forth procedure for serving the United States). That is, he must serve the United States in compliance with Rule 4(i)(1) and file proof of service with the Court in accordance with Rule 4(l). Plaintiff was advised that, if proper service is not made within 120 days after the complaint was filed, this case is subject to dismissal without prejudice. *See* Dkt. No. 7.

On January 23, 2014, when more than 120 days had elapsed since this action was opened, the undersigned ordered Plaintiff to show cause why his claims against Defendant should not be dismissed for failure to effect service. *See* Dkt. No. 11. In response to the show cause order, Plaintiff filed a motion seeking an extension of time to properly serve Defendant pursuant to Federal Rule of Civil Procedure 4, because he had recently been transferred to the Seagoville Federal Detention Center and needed additional time to comply with the service requirements set forth by the Federal Rules. *See* Dkt. No. 13.

The undersigned granted the motion and ordered Plaintiff to serve the United States in compliance with Rule 4(i)(1) and file proof of service with the Court in accordance with Rule 4(l) by March 21, 2014. Plaintiff has not done so.

Separately, Plaintiff's sister Maria Ramirez has filed a document in this case entitled "Third Party Complaint," in which she seeks to bring a claim under 42 U.S.C. § 1983 against Assistant United States Attorney Suzanna O. Etessam and seeks to have summonses issued to Ms. Etessam and defense counsel Peter Lesser and Cynthia

Barbare in their individual capacities. *See* Dkt. No. 9. Maria Ramirez also filed a Motion for Summons to be Issued to the Respondents, seeking to have summonses issued and served on Ms. Etessam, Mr. Lesser, and Ms. Barbare and to have these individuals ordered to appear and show cause why judgment should not be entered against them. *See* Dkt. No. 12.

**Legal Standards**

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

A district court also has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

## Analysis

Because Plaintiff is representing himself in this action, the Court informed him that service must be effected under Federal Rule of Civil Procedure 4 within 120 days. *See* FED. R. CIV. P. 4(m). On Plaintiff's request, the Court allowed Plaintiff additional time to effect proper service on the Defendant, ordering Plaintiff to serve Defendant with a summons and a copy of his complaint and file proof of service pursuant to Rule 4(l) by March 21, 2014. *See* Dkt. Nos. 13 & 14.

But Plaintiff has failed to provide proof of service to establish that he effected proper service on Defendant as required by Federal Rule of Civil Procedure 4 and the Court's orders. It has now been over six months since Plaintiff was informed of his obligation to serve Defendant and it does not appear that he has done so. He also has failed to comply with the Court's order to file a proof of service.

The undersigned therefore finds and concludes that dismissal without prejudice is proper under Rules 4(m) and 41(b).

Plaintiff's sister Maria Ramirez has, without leave of the Court, filed a document entitled a "Third Party Complaint," seeking to bring Section 1983 claims against Assistant United States Attorney Suzanna O. Etessam and, apparently, defense counsel Peter Lesser and Cynthia Barbare in their individual capacities. *See* Dkt. No. 9. But this is a not a third-party complaint, which, under Federal Rule of Civil Procedure 14, is limited to a complaint by a defendant to an action that seeks to bring into the existing action, as a third-party defendant, "a nonparty who is or may be liable to [the defendant/third-party plaintiff] for all or part of the claim against [the defendant/third-

party plaintiff]." FED. R. CIV. P. 14(a)(1). Ms. Ramirez is not a defendant in this action by her brother.

In fact, Ms. Ramirez is not a party to the action at all. But Plaintiff has also filed an amended pleading seeking much the same relief as his sister – or, perhaps, on behalf of his sister – against the same individuals. *See* Dkt. No. 8. Because Plaintiff and, for that matter, Ms. Ramirez are proceeding *pro se*, Plaintiff's amended pleading and Ms. Ramirez's filings may be liberally construed as an attempt under Federal Rules of Civil Procedure 15(a) and 20(a)(1) to add Ms. Ramirez as a plaintiff in Plaintiff's amended pleading.

But, insofar as Ms. Ramirez asserts that the United States Marshal is responsible for serving summonses on Ms. Etessam, Mr. Lesser, and Ms. Barbare under Federal Rule of Civil Procedure 4 because Plaintiff is *in forma pauperis*, *see* Dkt. No. 10, she is mistaken. This is a fee-paid case; Plaintiff is not proceeding *in forma pauperis* and thereby entitled to marshal's service. *See* Dkt. No. 7; FED. R. CIV. P. 4(c)(3). And Plaintiff himself has not requested marshal's service on the United States, Ms. Etessam, Mr. Lesser, or Ms. Barbare but rather has requested additional time to effect service as required. *See* Dkt. Nos. 8 & 13; *accord* FED. R. CIV. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.").

Ms. Ramirez's possible involvement in the case therefore does not change the fact that Plaintiff has not complied with the Court's order to file a proof of service as to his original pleading or his amended pleading – as to each of which the 120-day period has

long since run, even with the Court's extension to March 21, 2014. In fact, even counting 120 days from the date of Plaintiff's filing his amended pleading (October 21, 2014), Plaintiff's 120-day period to effect service ran on February 18, 2014. Two days later, the Court granted Plaintiff an extension to March 21, 2014. *See* Dkt. No. 14. The Court has effectively granted Plaintiff an additional two-month extension to the date of this recommendation.

But Plaintiff has failed to provide proof of service to establish that he effected proper service on Defendant as required by Federal Rule of Civil Procedure 4 and the Court's orders. And this case cannot proceed without proper service on the United States.

## Recommendation

The Court should dismiss this case without prejudice under Fed. R. Civ. P. 4(m) and 41(b). Upon dismissal of the case, Plaintiff's Amended Motion for Return of Property [Dkt. No. 8] and the Motion for Summons to be Issued [Dkt. No. 10] should be terminated. If, within 14 days of the date of this recommendation, Plaintiff files proof of service or a well-taken request for additional time in which to effect service, the Court should refer the case back to the undersigned magistrate judge for further review.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation

to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 21, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE